UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**
46411
Morton & Craig LLC
John R. Morton, Jr., Esq.
110 Marter Avenue
Suite 301
Moorestown, NJ 08057
856-866-0100
Attorney for Ally Financial

Order Filed on July 27, 2018
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:

APRIL S. ELLIS

Case No.: 18-11010

Adv. No.:

Hearing Date: 6-6-18

Judge: RG

# ORDER FOR MONTHLY PAYMENTS AND STAY RELIEF UNDER CERTAIN CIRCUMSTANCES

The relief set forth on the following pages, numbered two (2) is hereby **ORDERED**.

**DATED: July 27, 2018**

Honorable Rosemary Gambardella
United States Bankruptcy Judge

**April Ellis**
**18-11010(RG)**
**Order Providing for Monthly Payments for Stay Relief under Certain Circumstances**
**Page 2**

This matter having been brought on before this Court on motion for stay relief and co-debtor stay relief filed by John R. Morton, Jr., Esq., attorney for Ally Financial, with the appearance of Stuart Gavzy, Esq. on behalf of the debtor, and this order having been filed with the Court and served upon the debtor, her attorney and the non-filing co-debtor, Kagan Senol under the seven day rule with no objections having been received as to the form or entry of the order, and for good cause shown;

IT IS ORDERED:

1. That Ally Financial is the holder of a first purchase money security interest encumbering a 2011 Jeep Grand Cherokee bearing vehicle identification number 1J4RS4GG5BC539172 (hereinafter the "vehicle").

2. **Curing arrears:** At the hearing, the debtor was $1820.42 in arrears to Ally post-petition. To cure arrears, the debtor shall make cure payments to Ally of $758.58 a month for six consecutive months beginning June 14, 2018. If the debtor fails to make any payment for a period of 30 days after it falls due (being the 14th day of each month), Ally Financial shall receive stay relief as to the debtor and non-filing co-debtor, Kagan Senol to repossess and sell the vehicle by filing a certification of nonpayment and serving it upon the debtor, her attorney and the non-filing co-debtor.

3. After curing arrears, the debtor shall make all retail installment contract payments to Ally Financial when due, being the 14th day of each month. In the event the debtor fails to make any payment for a period of 30 days after it falls due, Ally Financial shall receive stay relief as to the debtor and non-filing co-debtor, Kagan Senol to repossess and sell the vehicle by filing a certification of nonpayment and serving it upon the debtor, her attorney and the non-filing co-debtor.

4. The debtor shall maintain insurance on the vehicle in accordance with the terms of the retail installment contract. In the event of a lapse of insurance for any period of time without intervening coverage, Ally Financial shall receive stay relief and co-debtor stay relief to repossess and sell the vehicle by filing a certification that insurance has lapsed with the court and serving it upon the debtor, her attorney and the non-filing co-debtor.

5. The debtor shall pay to Ally Financial through the plan, a counsel fee of $531 which shall be paid by the trustee as an administrative priority expense.